UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ELIODORO ROJAS,

                Plaintiff,

        -against-

SKT RESTAURANT INC. and
SOTIRIOS TSIOUMAS,

                Defendants.
--------------------------------------------------X

REPORT AND
RECOMMENDATION
23 CV 4056 (EK)(RML)

LEVY, United States Magistrate Judge:

By order dated May 20, 2025, the Honorable Eric R. Komitee, United States

District Judge, referred plaintiff's motion for default judgment to me for report and

recommendation.  For the reasons set forth below, I respectfully recommend that plaintiff's

motion be denied with leave to renew.

### BACKGROUND

Plaintiff Eliodoro Rojas ("plaintiff") brings this action against defendants SKT

Restaurant Inc. (the "corporate defendant") and Sotirios Tsioumas (the "individual defendant")

(together, "defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 et seq., New York Labor Law ("NYLL") §§ 190 et seq. and 650 et seq., New York

State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

(See Second Amended Complaint, filed Aug. 15, 2024 ("Compl."), Dkt. No. 23.)  Plaintiff

properly served the corporate defendant by delivering and leaving copies of the summons and

second amended complaint with the New York Secretary of State on September 27, 2024,

pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and New York Business Corporation Law

§ 306(b)(1).  (Affidavit of Service of Steve Avery, sworn to Oct. 1, 2024, Dkt. No. 26.)  Plaintiff

properly served the individual defendant by substituted service at his "usual place of abode" on October 29, 2024, in compliance with Federal Rule 4(e)(1) and New York Civil Practice Law and Rules § 308(e)(2).  (Affidavit of Service of Husam Al-Atrash, sworn to Oct. 30, 2024 ("Al-Atrash Aff."), Dkt. No. 27.)  Defendants failed to answer or otherwise respond to the complaint, and the court ordered plaintiff to move for entry of default.  (Order, dated Feb. 13, 2025.)

Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) on March 12, 2025.  (Request for Certificate of Default, dated Mar. 12, 2025, Dkt. No. 29.)  The Clerk of the Court denied plaintiff's request for failure to comply with Local Civil Rule 55.1(a)(4), which requires a movant to file a certificate of service showing that all supporting papers have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default is sought.  (Denial of Request for Certificate of Default, dated Mar. 13, 2025.)  Plaintiff renewed his request for entry of default on March 13, 2025.  (Second Request for Certificate of Default, dated Mar. 13, 2025, Dkt. No. 31.)  The Clerk of the Court noted defendants' defaults on March 14, 2025.  (Clerk's Entry of Default, dated Mar. 14, 2025, Dkt. No. 32.)

Pursuant to court order, plaintiff filed the instant motion for default judgment on May 16, 2025.  (See Motion for Default Judgment, dated May 16, 2025, Dkt. No. 33.)  By order dated February 3, 2026, the court directed plaintiff to supplement his motion by filing an affidavit or declaration showing that he has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521 ("SCRA"), as required by Local Civil Rule 55.2(a)(1)(C).  (Order, dated Feb. 3, 2026, Dkt. No. 36.)  To date, plaintiff has failed to supplement his motion to demonstrate his compliance with the SCRA and therefore to comply with Local Civil Rule 55.2(a)(1)(C).

**DISCUSSION**

"A motion for default judgment will be denied if the movant fails to follow all relevant procedural rules." Lopez v. Metro & Graham LLC, No. 22 CV 332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) (citing Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017)), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023); see also Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Here, plaintiff's motion is procedurally deficient in that plaintiff has failed to show compliance with the SCRA as required by Local Civil Rule 55.2(a)(1)(C).

Local Civil Rule 55.2(a)(1)(C) provides that "any party seeking a default judgment must file . . . an affidavit or declaration showing that . . . the party seeking default judgment has complied with the [SCRA]." Loc. Civ. R. 55.2(a)(1)(C). In "any civil action or proceeding . . . in which the defendant does not make an appearance . . . the plaintiff [must] file with the court an affidavit . . . stating whether . . . the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." Tenemaza v. Eagle Masonry Corp., No. 20 CV 452, 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (quoting Pruco Life Ins. Co. of New Jersey v. Est. of Locker, No. 12 CV 882, 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)). "The court lacks the power to excuse compliance with this statute." Uribe v. Nieves, No. 17 CV 5155, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018). "Failure to comply with these requirements is

3

sufficient to deny default judgment." Quinayas v. Smart Tortilla LLC, No. 24 CV 2823, 2025 WL 815416, at *3 (E.D.N.Y. Mar. 14, 2025).

As the court explained in its order dated February 3, 2026, plaintiff has failed to show that he has complied with the SCRA in connection with his motion for default judgment. Plaintiff's process server indicated that the individual defendant was not in military service at the time of service of the summons and second amended complaint. (See Al-Atrash Aff.) However, plaintiff has not demonstrated by affidavit or declaration any efforts to verify the individual defendant's military service since the entry of default. On this record, the court cannot find that plaintiff has complied with the SCRA. See Quinayas, 2025 WL 815416, at *3. Because plaintiff has failed to show compliance with the SCRA, as mandated by Local Civil Rule 55.2(a)(1)(C), I respectfully recommend that the motion for default judgment be denied with leave to renew. See Lopez, 2022 WL 18809176, at *5 ("A plaintiff's failure to include a certification that the individual defendant is not a servicemember is grounds to deny a motion for default judgment." (internal quotation marks and citation omitted)); see also Tenemaza, 2021 WL 8317120, at *5 (recommending default judgment be denied for failure to show compliance with the SCRA); Apex Mar. Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying default judgment for failure to show compliance with the SCRA).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion for default judgment be denied without prejudice to renewal. I further recommend that plaintiff be granted thirty days to cure the deficiencies noted herein.

Plaintiff is directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of this Report and Recommendation.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: February 26, 2026
       Brooklyn, New York